UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JUSTIN WAYNE RIDDLE<br>Plaintiff, | ]<br>]<br>] | |
| v. | ]<br>] | No. 3 10 0595<br>(No. 3:10-mc-0086)<br>Judge Trauger |
| FRANKLIN COUNTY SHERIFF'S<br>DEPARTMENT, et al.<br>Defendants. | ]<br>]<br>] | |

O R D E R

The Court is in receipt of a *pro se* prisoner complaint (Docket Entry No.1) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No.2).

The plaintiff is an inmate at the Turney Center Industrial Prison in Only, Tennessee. It appears from his application that he lacks sufficient financial resources to pay the filing fee. Therefore, the plaintiff's application to proceed in forma pauperis is hereby GRANTED. 28 U.S.C. § 1915(a). However, process shall not issue at this time.

The plaintiff is hereby ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to

the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against the Franklin County Sheriff's Department and Tim Fuller, Sheriff of Franklin County, complaining about his arrest in Franklin County.

Venue for a civil rights action is governed by 28 U.S.C. § 1391(b). That provision requires that an action, such as the instant case, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

In this case, the defendants reside in Franklin County. Likewise, the plaintiff's claims arose in Franklin County. Since

Franklin County lies within the Eastern District of Tennessee, 28 U.S.C. § 123(a)(4), venue for this action properly belongs in that judicial district.

Accordingly, the Clerk is directed to TRANSFER this case to the United States District Court for the Eastern District of Tennessee, Winchester Division at Winchester, Tennessee. 28 U.S.C. § 1406(a). The Clerk is further instructed to send a copy of this order to the Warden of the Turney Center Industrial Prison to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so ORDERED.

Aleta A. Trauger
United States District Judge